Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Jason I. Bluver, State Bar No. 281784
jib@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile:  (949) 851-1212

Attorneys for Defendant Walmart Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dominique Martinez, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Walmart Inc.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-5097<br>[Riverside County Superior Court Case No. RIC1807745]<br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>Action Filed:  April 30, 2018<br>Trial Date:    None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF DOMINIQUE MARTINEZ AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Walmart Inc. hereby removes this action from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California, on the following grounds:

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## I.    INTRODUCTION

1.    This Court has jurisdiction over this action because complete diversity exists between Plaintiff Dominique Martinez ("Plaintiff") and Defendant Walmart Inc. ("Walmart").

2.    Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of her Complaint.

3.    Defendant Walmart is now, and was at the time this action was commenced, a citizen of the State of Arkansas and a citizen of the State of Delaware within the meaning of 28 U.S.C. section 1332. At all material times, Walmart was a corporation organized under the laws of the State of Delaware, and at all material times Walmart has maintained its principal place of business, including its corporate headquarters, in the State of Arkansas.

4.    Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

5.    Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of Walmart's receipt of a document (the "Complaint") where diversity of citizenship is apparent.

## II.    THE STATE COURT ACTION

6.    On or about April 30, 2018, Plaintiff filed an action against Walmart titled "Dominique Martinez, an individual, Plaintiff, vs. Walmart Inc., and DOES 1 through 50, inclusive, Defendants," in the Superior Court of the State of California, County of Riverside, Case No. RIC1807745 (the "State Court Action"). True and correct copies of the Summons and Complaint are attached hereto as Exhibit "A." Walmart was served with copies of the Summons and Complaint on May 9, 2018. S*ee* Exh. "A."

7.    In her Complaint, Plaintiff alleges the following causes of action: (1) Violation of California Government Code section 12940(a) (Pregnancy Discrimination); (2) Violation of Government Code sections 12940(m) and (n)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

(Failure to Provide Reasonable Accomodation and Failure to Engage in the Interactive Process); (3) Violation of California Government Code section 12945 (Pregnancy Leave); (4) Violation of California Government Code section 12945.2 (CFRA).

8.     On June 7, 2018, Walmart timely filed an Answer to the Complaint. A true and correct copy of Walmart's Answer is attached hereto as Exhibit "B."

9.     The Summons, Complaint, and Answer constitute the pleadings, process, and orders served upon or by Walmart in the State Court Action.

## III.   COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND WALMART

10.     The Complaint, and each alleged cause of action contained therein, may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

11.     Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of U.S.C. § 1332(a) -- her place of residence and domicile are, and were, located within the State of California. (*See* Complaint, ¶4); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where he resides with the intention to remain or to which he intends to return.").

12.     If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

13.     Walmart is now, and was at all material times, a corporation organized under the laws of the State of Delaware. Walmart is therefore a citizen of the State of Delaware.

14.     Walmart is now, and was at all material times, headquartered in Bentonville, Arkansas. Walmart's officers and directors are employees whose

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

offices are located at its headquarters in Bentonville, Arkansas. Walmart's high level officers direct, control, and coordinate the corporation's activities from Walmart's headquarters in Bentonville, Arkansas. And Walmart performs the vast majority of its executive and administrative functions at its headquarters in Bentonville, Arkansas. Walmart is therefore a citizen of the State of Arkansas, because its principal place of business is in Bentonville, Arkansas. 28 U.S.C. §1332(c); *Hertz Corp.*, 130 S. Ct. at 1192 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities").

15. Therefore, for the purpose of determining jurisdiction, Walmart was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the States of Delaware and Arkansas.

16. "Doe" Defendants fictitiously named, but not served, are not joined in this Petition and Notice of Removal, and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.* 157 F. 3d 686, 690-691 (9th Cir. 1998).

17. Accordingly, complete diversity exists between Plaintiff and Walmart.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

18. The jurisdictional minimum amount that must be in controversy, $75,000, was satisfied at the time of the filing of this action, and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts …  have original jurisdiction of all civil actions where  the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

controversy exceed $75,000").

19.    Walmart discusses below the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. Walmart denies that Plaintiff is entitled to any damages and that Plaintiff will be able to recover on any of her theories of recovery.

20.    In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgement type evidence. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**A.    <u>The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to which the Plaintiff Would be Entitled if She Prevails</u>**

21.    In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of her own claims against a single defendant") (internal quotations omitted).

22.    Additionally, as the Ninth Circuit has recently clarified, "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414–15.

23.   Here, Plaintiff seeks to recover (1) compensatory damages for economic loss; (2) damages for loss of civil rights, humiliation, physical anguish, and mental and emotional distress; (3) punitive damages; (4) costs and expenses of this action including reasonable attorney's fees. (Complaint, Prayer for Relief, ¶¶C-E).

24.   Plaintiff seeks to support her alleged damages by asserting the following facts:

• Complaint, ¶9: "Plaintiff was pregnant at or about July 2017 (sic). She was supposed to start maternity leave sometimes (sic) on January 12, 2018."

• Complaint, ¶10: "On December 18, 2017, Plaintiff felt ill and saw her doctor. The doctor advised her to be excused from work on December 18 and December 19, 2017. On December 19, 2017 Plaintiff turned in a doctor's note [providing for] two days of medical leave"

• Complaint, ¶11: "On December 30, 2017, Walmart terminated Plaintiff's employment."

• Complaint, ¶12: "Plaintiff is informed and believes that Walmart terminated her employment because of her pregnancy, ratified the discriminatory conduct, failed to take steps to prevent the discrimination, and failed to accommodate her pregnancy."

• Complaint, ¶13: "Plaintiff has suffered and will continue to suffer great mental and emotional distress. She has been humiliated and embarrassed as a result of Walmart's unlawful and malicious acts."

• Complaint, ¶14: "Plaintiff has suffered monetary damages."

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## B.   Economic Damages

25.   Plaintiff seeks economic damages associated with loss of income (Complaint, Prayer for Relief). At the time of her separation (December 2017), Plaintiff's hourly rate was $11.00. (Declaration of Andre De Jesus, ¶4; Exh. "A"). In her Complaint, Plaintiff alleges that she worked, on average, 30 hours per week. (Complaint, ¶8). By the time this case is statistically likely to be resolved at trial (February 2020, or 19.7 months from the date of removal),[1] Plaintiff's lost wages and benefits[2] alone will exceed $48,000.

## C.   Attorneys' Fees

26.   Where an underlying statute authorizes an award of attorneys' fees, such potential fees may be included in calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff seeks attorneys' fees for her FEHA claims (Complaint, Prayer for Relief), which are authorized for the prevailing party pursuant to California Government Code section 12965(b).

27.   As the Ninth Circuit explained in *Chavez,* when determining the amount in controversy, attorneys' fees are calculated based on the *total* possible recovery, and not just fees incurred as of the time of removal. *Chavev supra* 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."); *Lucas v. Michael Kors (USA), Inc.*, No. 2018 WL 2146403, at *11 (C.D. Cal. 2018) ("The broad holding [in *Chavez*] strongly suggests that the Ninth Circuit would find it appropriate to consider post-

---

[1] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Central District of California, the median time from filing a civil action in federal court to final disposition of the action through trial is 19.7 months. (Declaration of Andrew K. Haeffele, ¶2, Exh. "A."). Walmart requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

[2] Conservatively estimated at a value of $5,000 per year.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018) ("The Ninth Circuit's recent decision in *Chavez . . .* holding that the amount in controversy is what is at stake in the litigation at the time of removal suggests that the attorneys' fees in the context of the amount in controversy requirement should be calculated based on the total possible recovery and not just the fees incurred to date—resolving a previously unresolved question.").

28.    Here, Plaintiff's lead counsel, Farzad Rastegar, is an attorney with 27 years of experience representing plaintiffs in employment actions. (Haeffele Decl. ¶3). In June 2017, he requested, and the Los Angeles County Superior Court approved, an **hourly rate of $750**. *See Meza v. Oldcastle BuildingEnvelope Inc.*, 2017 WL 3611240 (*Id.* at ¶4; Exh. "B"). Additionally, Plaintiff's second-listed counsel Amir Seyedfarshi has been a practicing attorney since 2014. The Rastegar Law Firm has requested, and the Court has approved, an **hourly rate of $425** for attorneys with Mr. Seyedfarshi's level of experience. (*Id.* at ¶¶ 3-4). Assuming even a minimal amount of pre-trial discovery, trial preparation, and trial attendance occurs in this case, the $75,000 threshold will certainly be met based on a potential attorneys' fee award *alone*.

29.    This is particularly true because Court's routinely award substantial attorneys' fees awards to prevailing plaintiffs in pregnancy discrimination lawsuits.

- *Noone v. Jason Michael Paul Productions, Inc.*, 2017 WL 5242638 (Cal. Sup. Ct. April 7, 2017): finding 863 hours and $360,767.35 to be reasonable in pregnancy discrimination and failure to accommodate case.

- *Viveros v. Donahoe*, 2013 WL 1224848, at *11 (C.D. Cal. Mar. 27, 2013): finding 740.6 hours and $216,273 to be reasonable in pregnancy discrimination and pregnancy leave retaliation case.

- *Ali v. M & N Financing Co.*, 2016 WL 6407589 (Cal. Sup. Ct. October 7,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

2016): finding 270 hours and $81,000 to be reasonable in pregnancy discrimination and wrongful termination case, where the plaintiff obtained a verdict of only $12,000.

- *Centeno v. Lamajak, Inc.*, 2016 WL 5172693 (Cal. Sup. Ct. Jul 13, 2016): finding 170 hours and $68,000 to be reasonable in pregnancy discrimination and failure to engage in the interactive process case, where the plaintiff obtained a verdict of only $26,500.

- *Rodriguez v. Xiaobo America*, Ltd, 2017 WL 3701273 (Cal. Sup. Ct. May 18, 2017): finding 130 hours and $62,500 to be reasonable in pregnancy discrimination and failure to accommodate case, where the plaintiff obtained a verdict of only $41,500.

### D.   Emotional Distress and Punitive Damages

30.     The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). And emotional distress damages may be considered when calculating the amount in controversy even if such damages are not clearly pled in the complaint. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) ("the vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial").

31.     Additionally, Plaintiff is seeking to recover punitive damages against Walmart in this action, a company of considerable size and resources. (Complaint, Prayer for Relief). Although Walmart denies Plaintiff's allegations, requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Benefit Health and Accident Assn.*, 325 F.2d 785, 787 (9th Cir. 1963).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

32. To establish the amount in controversy, particularly with respect to emotional distress and punitive damages, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

33. A review of California cases with facts analogous to *this* case show that emotional distress and/or punitive damages awards often far exceed the $75,000 requirement:

- *Burton v. Pulmocare Respiratory Services,* 2016 WL 6962191 (Cal. Sup. Ct. October 26, 2016): jury verdict of **$325,000** in emotional distress and punitive damages alone. In *Burton*, the plaintiff alleged that after she informed her employer she was pregnant, and requested intermittent leave for doctor's appointments, her hours were reduced and, shortly thereafter, her employment was terminated. The defendant argued that the decision to separate plaintiff's employment was based on her poor performance. The plaintiff countered that her former employer's reasons were simply pretext. The San Bernardino County jury found for plaintiff on her discrimination claims and for defendant on plaintiff's pregnancy leave claims.

- *Noone v. Jason Michael Paul Productions, Inc*., 2016 WL 5242638 (Cal. Sup. Ct. July 28, 2016): jury verdict of **$498,000** in emotional distress and punitive damages alone. In *Noone*, the plaintiff alleged that after she requested time off for maternity leave, her employer began to look for her replacement, and ultimately terminated her employment. She also claimed that her requests for reasonable accommodations were denied. The defendant argued that plaintiff failed to complete the specific musical performance for which she had contracted with defendant to perform. The defendant further argued that it had no obligation to renew her contract after she failed to complete the agreed upon shows. The Los Angeles County jury found for plaintiff on her pregnancy discrimination claims and for defendant on plaintiff's pregnancy retaliation claims.

PETITION AND NOTICE OF REMOVAL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

- ***Stepp v. Fidelity National Title Group, Inc***., 2015 WL 10684612 (Cal. Sup. Ct. December 28, 2016): jury verdict of **$498,000** in emotional distress damages alone. In *Stepp*, the plaintiff alleged that her former employer failed to accommodate her high risk pregnancy, and that she was forced to work until she gave birth. Upon returning from maternity leave, plaintiff claimed that she was treated poorly by her supervisors. After becoming pregnant for a second time, plaintiff alleged that she was forced to work through her caseload while on pregnancy disability leave. She claimed that she was terminated without warning shortly thereafter. The defendant argued that plaintiff was a poor performer and failed to turn in assignments on time. The Los Angeles Jury found for plaintiff on her pregnancy and gender discrimination claims and for defendant on plaintiff's pregnancy retaliation claims.

- ***Viveros v. Donahoe***, 2012 WL 7854374 (C.D. Cal. November 30, 2012): jury verdict of **$225,000** in emotional distress damages alone. In *Viveros* the plaintiff alleged that she was terminated after her doctor ordered her confined to bed rest due to a high risk pregnancy. Plaintiff was in Mexico and unable to return to the United States without risking a miscarriage. Plaintiff claimed that she informed her supervisor, who then purposefully misdirected leave related documents to her Los Angeles apartment and terminated her for failing to respond. The defendant argued that plaintiff was on notice of the required leave policies and failed to provide medical documentation. The Central District Jury found for plaintiff on all claims.

34.     Therefore, here, if Plaintiff is able to prove her claims at trial, it is more than reasonable to conclude that she will seek, and a jury could award, in excess of $75,000 solely for emotional distress and/or punitive damages.

35.     Accordingly, Plaintiff's prayer for relief contemplates an amount "at stake" in this litigation far exceeding the jurisdictional threshold of $75,000.

## V.    REMOVAL IS TIMELY

36.     This Petition and Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because this action is being removed within thirty (30) days of the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

date when Walmart received the Summons and Complaint.  28 U.S.C. § 1446(b)(1); *see* Exh. "A."

## VI.   **CONCLUSION**

37.    For the reasons stated above, this Court has jurisdiction under 28 U.S.C. section 1332 because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

38.    Accordingly, Walmart may remove the action to this Court pursuant to 28 U.S.C. sections 1332 and 1441. Walmart respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: June 8, 2018                    PAYNE & FEARS LLP

By:       /s/ Andrew K. Haeffele
            DANIEL F. FEARS
         ANDREW K. HAEFFELE
          JASON I. BLUVER

Attorneys for Defendant Walmart Inc.

4822-8008-2792.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## PROOF OF SERVICE

*Dominique Martinez v. Walmart, Inc.*
**United States District Court Case No.** 2:18-cv-5097

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On June 8, 2018, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441** on the interested parties in this action as follows:

Farzad Rastegar, Esq.                    Attorneys for Plaintiff DOMINIQUE
Amir Seyedfarshi, Esq.                   MARTINEZ
RASTEGAR LAW GROUP, A.P.C.
22760 Hawthorne Boulevard, Suite 200
Torrance, CA 90505
Tel:  (310) 961-9600
Fax: (310) 961-9094
E-Mail:  farzad@rastegarlawgroup.com
         amir@rastegarlawgroup.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the address listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 8, 2018, at Irvine, California.

Terri M. Shaw

PAYNE & FEARS LLP
ATTORNEYS AT LAW
JAMBOREE CENTER, 4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PROOF OF SERVICE